IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　vs.<br>CHRISTOPHER LENIEAR,<br>　　　　　　Defendant. | Case No. 3:04-CR-00047 (JKS)<br><br>O R D E R |

　　　　Christopher Leniear plead guilty and was convicted of federal drug and related firearms charges.  Docket Nos. 40, 36.  On January 7, 2005, Leniear was sentenced to a guideline 90 month sentence.  Since his sentencing came after *United States v. Booker*, 543 U.S. 220 (2005) ("*Booker/Fanfan*"), the Court evaluated the advisory guideline sentence in light of the criteria in 18 U.S.C. § 3553(a).  Leniear did not appeal his conviction or sentence.  On October 17, 2005, proceeding pro se, Leniear filed a petition for post conviction relief seeking to set aside his conviction and sentence on the ground that his trial counsel, John Pharr, was ineffective for failing to pursue claims of actual innocence and for allowing Leniear to plead guilty to the charges against him.  Docket No .42.  Thereafter, counsel, Mark Rosenbaum, Esq., was appointed and allowed to file a supplemental petition.  Docket No. 48.  An amended petition was filed.  Docket No. 59.  Essentially, Leniear argues that his counsel was ineffective for failing to establish that Leniear was incompetent to plead guilty and in encouraging Leniear to plead despite Leniear's feeling that he was factually innocent.  The government has responded and asks that the Court dismiss the petition.  Docket No. 60.  The government and Leniear both note that the Bureau of Prisons has classified Leniear to a federal mental health facility.

Generally, a defendant who has plead guilty forfeits the right to raise a claim that his plea was involuntary in a collateral proceeding if he does not appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Broce*, 488 U.S. 563 (1989); *and see United States v. Foreman*, 329 F.3d 1037, 1038 (9th Cir. 2003) (defendant forfeits right to claim constitutional errors occurring prior to guilty plea). To avoid forfeiture, Leniear must show cause plus prejudice. *See e.g., United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003). The only cause he has alleged is ineffective assistance of counsel. Since Leniear plead guilty and did not appeal, all of his current claims collapse into the claim that he received ineffective assistance of counsel. In other words, before the Court can independently evaluate Leniear's competence in pleading guilty and the voluntariness of his plea, the Court must first find that Mr. Pharr was ineffective in failing to raise these issues prior to sentencing. The Court views as separate the claims of whether Mr. Pharr provided ineffective assistance prior to the entry of plea and at sentencing, and whether a trial counsel informed of a defendant's desire to appeal his conviction and sentence provides ineffective assistance as appellate counsel by failing to file a timely appeal; although, the Court notes that both questions are resolved under the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984).

First, in connection with representation at trial, Leniear must show both a deviation from customary standards of criminal practice, and prejudice. *Id*. at 692. To show prejudice, he must present evidence that would support a finding that he would not have entered a plea in the absence of the alleged ineffectiveness. *Hill v. Lockart*, 474 U.S. 52, 57-58 (1985). The Court held extensive hearings in Leniear's case before accepting a plea of guilty. After questioning Leniear personally, the Court found Leniear competent, determined that his waiver of rights was knowing, intelligent, and voluntary, and concluded that Leniear had received effective assistance of counsel up to the time sentence was imposed. Consequently, since Leniear assured the Court that his waivers were voluntary, he has waived the right to bring a collateral attack on his conviction and sentence except for two potential grounds: the voluntariness of his plea and the effectiveness of his counsel. Given the record, the first claim turns on whether Leniear was competent and, if competent, whether his plea was knowing intelligent and voluntary.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2004\A04-0047.004.wpd

Competence turns on capacity, *i.e.,* what Leniear was capable of doing at the time of his plea, while voluntariness focuses on what Leniear actually did, based on Leniear's words and actions at the hearing itself. *See Godinez v. Moran*, 509 U.S. 389 (1993) (discussion of competency standards). At one time, the Ninth Circuit took the view that a heightened standard applied to competence to plead guilty and that it was not enough that the defendant was competent to stand trial. *See e.g.*, *Sieling v. Eyman*, 478 F.2d 211, 214-15 (9th Cir. 1973). Other courts disagreed. The United States Supreme Court resolved the disagreement by concluding that the same standard governs competence to stand trial and competence to plead guilty. *Godinez,* 509 U.S at 398. If the trial court has doubts it should hold a hearing. *Drope v. Missouri*, 420 U.S. 162, 177 (1975). But, the mere fact that a defendant is of low moderate intelligence and has had some psychiatric treatment in the past does not automatically require a court to conduct a competency hearing. *See Drope,* 420 U.S. at 180. In later cases, the Supreme Court has recognized that competency is a mixed question of fact and law, but has stressed the factual component and the need to evaluate the demeanor and credibility of the defendant and the witnesses. *See generally Thompson v. Keohane,* 516 U.S. 99, 111-113 (1995) (highlighting dependence on trial court appraisal of witnesses in mixed fact/law determinations).

In this case, Mr. Pharr did have concerns about Leniear's competency and originally arranged to have him examined by Dr. Sperbeck. When this did not transpire, apparently because of scheduling problems, Leniear was examined by Dr. Rothrock, a psychiatrist, who concluded that Leniear was competent. Dr. Rothrock had the benefit of mental health records from the State Division of Corrections and from private institutions where Leniear had been seen. There is nothing in the record to challenge Dr. Rothrock's conclusions. The Court has reviewed the records from the Federal Correctional Facility to which Leniear was classified and finds no evidence of major mental illness. Leniear is depressed about being in jail and being separated from his girlfriend. He is not incompetent. Mr. Pharr did raise diminished capacity at the sentencing hearing.

Aided by Dr. Rothrock's report, the Court had the opportunity to evaluate Leniear's proposed plea and determine whether it was voluntary, intelligent, and informed at the time it

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2004\A04-0047.004.wpd    3

was entered on August 20, 2004.  Leniear was informed of his privilege against self incrimination, his right to trial by jury, and his right to confront his accusers.  *See Boykin v. Alabama*, 395 U.S. 238 , 242-3 (1968).  In addition, he was informed of his right to effective assistance of counsel, and he assured the Court that counsel had been effective.  Nothing in the current record challenges Leniear's statements at his plea hearing.  At most, Leniear has suffered "pleaders remorse" and has proffered conclusory, not persuasive, claims of innocence.  The Court is satisfied that Leniear's plea was knowing, intelligent, and voluntary.  It is not ineffective assistance of counsel to fail to raise issues that are frivolous.  Leniear's unsubstantiated claims of innocence appear frivolous and based upon his misunderstandings as to the law.  Nothing in the record establishes that Leniear's plea was coerced in any sense.  Thus, Leniear has failed to establish a prima facie case of ineffectiveness at trial.

Second and lastly, Leniear mentions in passing that he wished to appeal his conviction or sentence and his attorney failed to file a timely appeal.  An attorney must file an appeal if directed to do so by his client even if the appeal is without merit and the defendant has waived the right to appeal in his plea agreement.  It is for the appellate court, not counsel, to determine whether a defendant has appealable issues.  Where the defendant communicates to counsel a desire to appeal and counsel fails to appeal, it is arguable that the action automatically establishes ineffective assistance of counsel and that prejudice is presumed.  *See Penson v. Ohio*, 488 U.S. 75, 80–81 (1988) (discussing counsel's responsibilities where he feels that there are no appealable issues and concluding that prejudice is presumed if counsel forfeits the defendant's appellate rights without meeting these responsibilities)*; Douglas v. California*, 372 U.S. 353 (1963) (right to effective assistance of counsel mandatory on appeal).

It would appear that the remedy would be to restore Leniear's appellate rights and permit him to appeal with new counsel.  This issue is not developed in the pleadings filed to date.  The Court notes that the Ninth Circuit has held that questions of ineffective assistance of counsel normally require development of a record beyond the trial record, and, accordingly, such claims are best brought in collateral proceedings and not on direct appeal.  *Hoffman v. Arave*, 236 F.3d

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2004\A04-0047.004.wpd

523, 525 (9th Cir. 2001). Thus, Mr. Pharr cannot be faulted solely because he failed to appeal questions of his own effectiveness.

The Court must hold an evidentiary hearing if depositions, affidavits, and sworn declarations regarding historical facts (not speculative conclusions) disclose disputed issues of material fact, which if resolved in the petitioner's favor, would require a decision in his favor. *See e.g.*, *U.S. v. Cheeley*, 814 F. Supp. 1430 (D. Ak. 1992) (discussing standards for evidentiary hearing in criminal cases generally). Leniear has failed to come forward with a factual proffer, uncontradicted and unimpeached, that would require a decision in his favor on either the issue of ineffective assistance of counsel at trial or his competency to plead guilty. Specifically, Leniear has not offered medical evidence that he was incompetent at the time he entered his plea, nor has he presented a plausible claim of innocence such that an attorney could be faulted for not pursuing it. Thus, the Court is disinclined to hold an evidentiary hearing on these claims.

On the other hand, the circumstances surrounding Leniear's failure to appeal have never been developed. If depositions of Leniear and Pharr are taken, and disputed issues of material fact are developed regarding an appeal, and under controlling decisions of the United States Supreme Court and the Ninth Circuit resolution of those factual disputes would require a ruling in Leniear's favor, this Court will schedule an evidentiary hearing to determine whether Leniear made a timely request to Pharr that an appeal be filed and Pharr failed to file the appeal. At such a hearing the Court could also hear from the parties regarding the appropriate remedy if Leniear's appellate rights were negligently forfeited.

**IT IS THEREFORE ORDERED:**

The Court has tentatively concluded that Leniear has failed to present a prima facie case of incompetence at the time of his plea, that his plea was not knowing, intelligent, and voluntary, and that his counsel, Mr. Pharr, provided him ineffective assistance of counsel in connection with the plea and at sentencing. The Court is therefore inclined to deny the petition on those grounds. Any party aggrieved by such a ruling should file **objections** on or before **Friday, October 13, 2006**. If any objection relies upon facts not of record, those facts must be presented

in the form of affidavits or declarations under penalty of prejudice.  28 U.S.C. 1746.  The parties shall meet and confer and inform the Court in a status report to be filed by counsel for the government after consultation with counsel for Leniear how the parties wish to develop the record regarding the forfeiture of Leniear's appellate rights.  The **status report** shall be filed on or before **Friday, October 13, 2006.**

      Dated at Anchorage, Alaska, this 11th day of September 2006.

                                                       /s/ James K. Singleton, Jr.
                                                         **JAMES K. SINGLETON, JR.**
                                                           United States District Judge