IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　vs.<br>CHRISTOPHER LENIEAR,<br>　　　　　Defendant. | Case No. 3:04-CR-00047 (JKS)<br><br>O R D E R |

　　　Christopher Leniear was convicted of federal crimes.  He did not appeal.  He did file a petition for habeas corpus, under 28 U.S.C. § 2255.  The Court reviewed his petition at Docket No. 42, as well as a supplemental petition filed by his current counsel at Docket No. 59.  The Court found the petitions to be without merit except as to one potential issue.  *See* Order at Docket No. 62.[1]

　　　That issue addressed Leniear's contention that he informed trial counsel, Mr. Pharr, of his wish to appeal and that Pharr failed to file an appeal on Leniear's behalf.  If this is so, Leniear is entitled to a finding of ineffective assistance of counsel with a conclusive presumption of prejudice.  The remedy is to vacate and reinstate Leniear's conviction so that he may appeal assisted by current

---

[1] At Docket No. 62, the Court made tentative conclusions and invited responses from the parties.  Leniear responded at Docket No. 65, though not to the substance of the issue identified by the Court at Docket No. 62.  Rather, Petitioner's grievance had to do with technical difficulties encountered when filing his supplemental petition, and with ensuring that the supplemental petition had been considered.  The Court addressed these concerns at Docket No. 67 and gave Leniear until December 18, 2006 to respond.  The Court has heard from the government at Docket No. 68, and granted a motion on shortened time from Petitioner to unseal specified transcripts for the use of counsel.  *See* Docket No. 70.  However, nothing further has been received from Petitioner.

counsel.  *See e.g.*, *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), *remanded to Flores-Ortega v. Roe,* 39 Fed. Appx. 604 (9th Cir. 2002); *United States v. Sandoval-Lopez,* 409 F.3d 1193 (9th Cir. 2004).

As the second circuit points out, to allow defense counsel to simply ignore a defendant's request to appeal because defense counsel believes the appeal is frivolous—perhaps because defendant clearly waived the right to appeal as part of the plea agreement—would be to undermine counsel's responsibilities under *Anders v. California*, 386 U.S. 738 (1967).  *Campusano v. United States*, 442 F.3d 770 (2nd Cir. 2006), *accord United States v. Garrett,* 402 F.3d 1262, 1267 (10th Cir. 2005).  Once it is established that a defendant requested and was denied an appeal, the discussion is at an end and the judgment must be vacated in order to enable an appeal.  Where a defendant did not specifically request an appeal but his attorney failed to consult, he is entitled to the same relief if he shows either that there were non-frivolous grounds for appeal or that he conveyed his desire to appeal to counsel without specifically requesting an appeal.  *Flores-Ortega*, 528 U.S. at 480.

The government indicates that it has not received a definitive answer from Mr. Pharr regarding his memory of whether Leniear wished to appeal.  Docket No. 68.  Nevertheless, the government argues that this Court should schedule an evidentiary hearing where the government would argue that Leniear has not made a prima facie case that he was denied an appeal by Pharr's inaction, but, that even if he was, his waiver extinguished any right to appeal he would otherwise have.  *Id*.  It appears that the government is incorrect in its belief that an unqualified waiver of the right to appeal in a plea agreement cures any prejudice from a lawyer's refusal to take an appeal at the direction of his counsel.  *See Sandoval-Lopez* and *Campusano,* supra.  In *Sandoval-Lopez,* Judge Kleinfeld suggested that one way to cut down on the cost and delay associated with cases like this one would be simply to accept Leniear's position for purposes of argument and allow him to take his appeal.  409 F.3d at 1198–99.  In such a case the government would be able to argue waiver and contend that any issues were frivolous.  Should current defense counsel agree, he could proceed in accordance with *Anders*.

///

///

ORDER

2

On reflection, this appears to be the most cost effective way to proceed.² The **Judgment** at **Docket No. 36** is **VACATED** and **REINSTATED**. Leniear shall have ten days from the entry of this Order to file his notice of appeal in conformity with the rules of appellate procedure. The Clerk shall enter an amended judgment accordingly.

**IT IS SO ORDERED**.

Dated at Anchorage, Alaska, this 16th day of January 2007.

                                                        /s/ James K. Singleton, Jr.
                                                        **JAMES K. SINGLETON, JR.**
                                                           United States District Judge

---

² While it is true that Judge Kleinfeld assumes that the government will agree to this procedure in order to save time and cost, it is probable that the government in this case would not. To hold an evidentiary hearing, however, this Court would need to transfer the case to another judge unfamiliar with the facts, or delay a hearing until March when this Court returns to Alaska. Aside from delay, little would be accomplished by holding a hearing before this Court. Mr. Pharr apparently does not remember whether Leniear was satisfied with the sentence or not, and given the clear negotiated waiver of appellate rights it is unlikely that the topic of an appeal was discussed. Further, scheduling a hearing would accomplish little more than an inconclusive record similar to the one in *Flores-Ortega v. Roe*, on remand, where the trial judge did rule in favor of the government only to have his fact findings found clearly erroneous on appeal. 39 Fed. Appx. 604, 605 (9th Cir. 2002). The Ninth Circuit has heard numerous cases dealing with appellate waivers. An immediate appeal will serve the interests of all parties and the public.

ORDER