NELSON P. COHEN
United States Attorney

KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kevin.feldis@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LENIEAR,<br><br>Defendant. | )  Case No. 3:04-cr-00047-JKS<br>)<br>)<br>)<br>)<br>)<br>)  GOVERNMENT'S OPPOSITION TO<br>)  DEFENDANT'S MOTION FOR<br>)  REDUCTION OF SENTENCE<br>)  PURSUANT TO 18 U.S.C. § 3582(C)<br>) |

  Plaintiff United States of America, through its counsel of record, Assistant

United States Attorney Kevin Feldis, hereby files an opposition to defendant

Christopher Leniear's motion for reduction of sentence pursuant to 18 U.S.C.

§ 3582(c).  In his motion, defendant relies on a recent retroactive amendment to

the United States Sentencing Guidelines (U.S.S.G.) which lowered the base offense levels applicable under USSG § 2D1.1 to cocaine base ("crack") offenses. This amendment is inapplicable to the defendant because it does not reduce the defendant's sentencing guidelines range.

## I.    Background

The defendant pled guilty and was convicted of one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a); one count of possession of a firearm during and in relation to, and in furtherance of, a federal drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A); one count of possession of an unregistered silencer, in violation of 26 U.S.C. §§ 5861(d) and 5871.  The defendant also admitted to one count seeking forfeiture of the firearm pursuant to 21 U.S.C. § 853(a)(2).

On January 6, 2005, Defendant was sentenced to 90 months in prison to be followed by 5 years of supervised release.

None of the three counts of conviction in this case are grouped.  Count 1 is the drug offense.  Mr. Leniear was responsible for 35.1 grams of marijuana, 5.1 grams of cocaine and 2.0 grams of cocaine base.  His original offense level for this count was 20.  Under the revised guidelines, his new offense level would be level 18 (20 to 40 kilograms of marijuana).

2

Counts 2 and 3 are unaffected by the changes in the sentencing guidelines. Count 2 carries a statutory mandatory minimum consecutive sentence of 60 months for possessing a firearm during and in relation to, and in furtherance of, a federal drug trafficking crime.  18 U.S.C. § 924(c).

Count 3 is a conviction for possessing an unregistered silencer in violation of 26 U.S.C. § Section 5861(d).  U.S.S.G. Section 2K2.1 applies to this offense and therefore the base offense level is 18.  Because the silencer was stolen, an additional two levels are added pursuant to U.S.S.G. Section 2K2.1(b)(4).   The resulting adjusted offense level for count 3 is 20.

## II.     Combined Offense Level for Counts 1 and 3 Remains the Same

The combined offense level for counts 1 and 3 is calculated under U.S.S.G. Section 3D1.4.  Under the original calculation, both counts 1 and 3 had adjusted offense levels of 20, resulting in 2 units, and 2 additional offense levels being added to the count with the highest offense level.  Accordingly, the combined offense level for counts 1 and 3 was 22.

The same result is reached under the new sentencing guidelines.  Count 1 would now have an adjusted offense level of 18 instead of 20.  However,  Count 2 remains at level 20.  Under Section 3D1.4, the result also remains the same that there are total of 2 units, and thus 2 offense levels are still added to the count with

the highest offense level (in this case Count 3). The combined offense level for Counts 1 and 3 remains at the same level 22.

Calculating in a three level reduction for acceptance of responsibility, Mr. Leniear's total adjusted combined offense level for Counts 1 and 3 both at his original sentencing and now is level 19. With a Criminal History Category of I, his sentencing range remains 30 to 37 months, plus a mandatory 60 months consecutive sentence on Count 2.

### III.    Background On The Retroactive Guideline Amendment

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

(1)    In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[1]    Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir. 1993); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).

(2)    <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is

not consistent with this policy statement and therefore is not

authorized under 18 U.S.C. § 3582(c)(2) if—

    (A)    none of the amendments listed in subsection (c) is applicable to

        the defendant; or

    (B)    an amendment listed in subsection (c) does not have the effect

        of lowering the defendant's applicable guideline range.

(3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18

U.S.C. § 3582(c)(2) and this policy statement do not constitute a full

re-sentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective

November 1, 2007, which reduced the base offense level for most cocaine base

("crack") offenses.[2]  On December 11, 2007, the Commission added Amendment

706 to the list of amendments that may be applied retroactively under Section

1B1.10(c), effective March 3, 2008.

---

[2]    Amendment 706 was further amended in the technical and conforming amendments
set forth in Amendment 711, also effective November 1, 2007.  Amendment 711 also made
conforming amendments to the drug conversion chart which is employed where the offenses of
conviction involved crack as well as other controlled substances.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See USSG, Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence. Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level

---

[3]    In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

### IV.    Defendant's Sentence Should Not Be Reduced Because His Guideline Range Does Not Change

Defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering defendant's guidelines range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may be reduced only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant.  Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  USSG § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  See, e.g., United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although retroactive amendment to career offender guideline changed definition of statutory maximum, amendment did not benefit defendant given that maximum penalty for his offense, bank robbery, was same under either definition, and thus guideline range was same); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (district court correctly denied motion, where defendant's offense level was not altered by subject of retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where sentence actually was based on considerations not affected by retroactive guideline amendment); United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although retroactive amendment reduced defendant's offense level, new level (44) still required sentence of life imprisonment imposed, so district court properly denied motion summarily); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (district court did not abuse its discretion in denying § 3582(c)(2) motion, where alternative means of sentencing permitted by applicable guideline produced same offense level that applied earlier); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly

denied where sentence would not be different under new guideline).

As discussed above, Mr. Leniear's total adjusted guideline calculation will not change. As a result, the United States opposes defendant's motion.


CONCLUSION

For the reasons stated above, the government respectfully requests that defendant's motion be denied.

RESPECTFULLY SUBMITTED this 9th day of May, 2008, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney


 s/Kevin Feldis
KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kevin.feldis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2008
a copy of the foregoing **RESPONSE
IN OPPOSITION TO 18 U.S.C. § 3582(c)
MOTION** was served electronically on:

Allan Beiswenger,
Counsel for Defendant


s/ Kevin Feldis
Assistant U.S. Attorney