IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHRISTOPHER LENIEAR, | )        3:04-CR-00047-JKS-1 |
| | ) |
| Defendant(s). | ) |
| ———————————————— | ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

Comes now Defendant, Christopher Leniear, through his attorney, Allan Beiswenger, and hereby enters his Reply to the GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (Docket 112). This Reply is pursuant to the Court's ORDER DIRECTING SERVICE AND RESPONSE (Docket 101).

Mr. Linear was sentenced, based upon his pleas of guilty, for the offenses of possession of cocaine base with intent to distribute in Count 1 (21 USC 841 (a)), possession of a firearm in relation to a drug trafficking crime in Count 2 (18 USC 924(c)(1)(A)), and possession of an unregistered silencer in Count 3 (26 USC 5861(d) and 5871). His sentencing occurred on January 6, 2005, approximately one week before the United States Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 160 L.Ed. 2d 621 (2005), which was decided on January 12, 2005. Mr. Leniear received a concurrent sentence of 30 months for Counts 1 and 3, and a

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

1  mandatory consecutive sentence of 60 months for Count 2 (See 18 U.S.C.

2  924(c)(1)(A)(i)).[1]

3         Based upon Amendment 706 to the United States Sentencing Guidelines

4  (USSG) effective November 1, 2007, and *United States v. Ross,* 511 F.3d 1233, 1237

5  n. 2(9th Cir., 2008), Mr. Leniear is seeking a resentencing.  The amendment was made

6  "retroactive" to offenders sentenced for crack cocaine offenses as of March 3, 2008.

7

8  See USSG Sec. 1B1.10(c).

9         It is not disputed by the Government that the amendments to the "crack"

10 guidelines would reduce Mr. Leniear's offense level for Count 1.  See Opposition, at p.

11 3-4.   According to the "revised" guideline and the Drug Equivalency Tables, the

12 marijuana "equivalency" for the 2 grams of crack possessed by Mr. Leniear would be

13 10 kilograms.   Combining this amount with the marijuana equivalency for the 5.1

14 grams of cocaine (1021 grams) and the actual marijuana (35.1grams) would total

15 11.055 kilograms.   See USSG 2D1.1.   This would place Mr. Leniear at an offense

16 level of 16, rather than the offense level of 20 assigned in the Presentence Report

17 (paragraph 52, at p. 8).  According to a subsequent Amendment to the Guidelines, 715,

18 the "conversion" was simplified and according to Application Note 10(D) to 2D1.1, a

19 simplified 2 level reduction to the offense level is applied across the board, which

20 would reduce Mr. Leniear's offense level to 18.    The continuing changes in the

21

22

23 //

24

25

---

[1] An Amended Judgment was issued on January 16, 2007, Docket 72,

amendments reflect the arbitrary nature of the crack cocaine guidelines. Regardless, Mr. Leniear's guideline offense level for Count 1 has been reduced by at least 2 levels.

The Government opposes Mr. Leniear's request for resentencing by arguing that because of the "grouping" of Mr. Leniear's offenses for Counts 1 and 3, his combined offense level is unchanged at level 20, and his guidelines range remains at 30 to 37 months. Referencing 18 USC 3582(c)(2) and Revised USSG Sec. 1B1.10(a)(2)(B), the Government maintains that Mr. Leniear is not eligible for a sentence reduction. But the cases relied upon by the Government were all pre-*Booker,* and like the Sentencing Guidelines themselves, any policy statements are not mandatory. See *United States v. Hicks,* 472 F.3d 1167, 1173 (9th Cir. 2007).

In *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir. 2005) in an *en banc* Opinion, the Ninth Circuit Court of Appeals considered a request for resentencing by a Defendant who was sentenced prior to the *Booker* decision. Distinctions were made between constitutional versus nonconstitutional errors that may have occurred. Mr. Leniear is not raising a Sixth Amendment objection to his sentencing, as there were no "judge-found facts" that were relied upon in establishing his guidelines range. But in sentencing Mr. Leniear, the Court was limited by the then mandatory nature of the guidelines as well as the onerous crack conversion. Given the Order for resentencing, the Court can now address the factors set forth in 18 U.S.C. 3553(a), and make a determination whether a guidelines sentence is appropriate. Even if Mr. Leniear is not entitled to a sentence reduction as a matter of right, this does not mean that he may not be entitled to one as a matter of discretion. *Hicks, supra.*

1
2
3

> "If the district court determines that the sentence imposed would have differed materially if the district court judge were applying the Guidelines as advisory rather than mandatory, the error was prejudicial, and the failure to notice the error would seriously affect the integrity, fairness and public reputation of the proceedings."

4
5
6
7
8
9
10

(footnote omitted).  *Ameline, supra,* 409 F.3d at 1085.  Thus, regardless whether the guideline range would change after any application of U.S.S.G. Section 3D1.4 despite the reduction for the crack cocaine offense, the Court should consider whether the now "advisory" guideline range is appropriate when considering all of the 3553(a) factors. *Hicks, supra,* 472 F.3d at 1171.

11
12
13
14
15
16
17
18
19
20
21
22
23
24

The efforts of the United States Sentencing Commission to mitigate the unfair disparity between the guidelines treatment of crack and powder cocaine were limited by the statutory mandatory minimum provisions of 21 U.S.C. Sec. 841(b).  See *Kimbrough v. United States,* 552 U.S. _____, 169 L.Ed.2d 481, 493-94 n. 10 (2007). The crack amendment, deemed "modest" by Justice Ginsburg in her majority opinion[2], still results in sentences for crack offenses "two and five times longer than sentences for equal amounts of powder".  *Id.*  If the 2.0 grams of crack possessed by Mr. Leniear were treated the same as powder cocaine, his combined drug equivalency would have been 1.455 kilograms of marijuana, which would result in an offense level of 10.  See U.S.S.G. 2D1.1, Drug Quantity Table.  According to 3D1.4(c), the drug offense would not have resulted in any "units" as the offense level for Count 1 (10) would be more than 9 levels less serious than the offense level for Count 3 (20), and the combined

25

_____

[2] *Kimbrough,* 552 U.S. at _____, 169 L.Ed.2d at 493.

guideline range for Counts 1 and 3 would have been 20 and Mr. Leniear's total offense level would have been 17 after acceptance of responsibility. The applicable advisory guideline range would be 24-30 months.

As noted by Justice Ginsberg, the crack cocaine Guidelines ". . . do not exemplify the [Sentencing] Commission's exercise of its characteristic institutional role". *Id.,* 552 U.S. at ____, 169 L.Ed.2d at 500. District Court Judges are free to conclude that the ". . . crack/powder disparity yields a sentence 'greater than necessary' to achieve 3553(a)'s purposes, even in a mine-run case". *Id.* This is true even after the recent amendments.

Mr. Leniear was a first-time offender, who faced a significant mandatory minimum consecutive sentence of five years for his conviction in Count 2 for violating 18 U.S.C. Sec. 924(c)(1)(a). The presence of the silencer and of the other weapons in Mr. Leniear's possession were at least somewhat accounted for given his conviction on Count 2. See U.S.S.G. Sec. 2K2.4, Application Note 4. While Counts 1 and 3 may affect different societal interests[3], the Court should consider all of the conduct together for purposes of determining an appropriate sentence. It is questionable how much additional time beyond the five year mandatory minimum term is required to reach a sentence that is "not greater than necessary". The Court is no longer bound by the mandatory nature of the Sentencing Guidelines, nor by the overly harsh and unreasonable disparity in the Guidelines between crack and powder cocaine. Mr. Leniear's recent Progress Report from the Bureau of Prisons shows that

---

[3] *United States v. Nanthanseng,* 221 F.3d 1082, 1084-85 (9th Cir. 2000).

1  he is making every effort to better himself.  See Attachment A.  Given the discretion

2  that is now afforded the Court, Mr. Leniear asks that he be resentenced and that his

3  sentence for Counts 1 and 3 be reduced.

4          Respectfully submitted this 22nd day of May, 2008.

5                                          LAW OFFICES OF
6                                          ALLAN BEISWENGER
                                           Attorney for Defendant
7                                          CHRISTOPHER LENIEAR
                                           s/ Allan Beiswenger
8                                          1101 W 7th Avenue
9                                          Anchorage, AK 99501
                                           Phone: (907) 868-1280
10                                         Fax: (907) 258-6419
                                           E-mail: beiswenger@ak.net
11                                         Alaska Bar No. 7706074

12

13  **CERTIFICATE OF SERVICE**
    I hereby certify that on the 21nd day of May,
14  2008, a copy of the foregoing was served
    electronically on Kevin Feldis of the U.S.
15  Attorney's Office.

16  s/Allan Beiswenger

17

18

19

20

21

22

23

24

25